UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-495 (ABJ) |
| | : | |
| **DANIEL GRAY,** | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS COUNTS ON MULTIPLICITY GROUNDS

The United States of America respectfully submits this opposition to Defendant Daniel Gray's motion to dismiss some counts of the Information on multiplicity grounds. (ECF No. 52.)

Defendant Gray appears to argue that some counts should be dismissed because they "overlap." Alternatively, Defendant Gray contends that some of the counts are actually lesser-included offenses of other counts. (ECF No. 52 at 4.) These arguments are meritless, and this Court should deny the motion.

### BACKGROUND

On December 1, 2021, the grand jury returned a nine count superseding indictment charging Defendant Gray with Counts: (1) 18 U.S.C. § 231(a)(3), Civil Disorder; (2) 18 U.S.C. §§ 1512(c)(2) and (2), Obstruction of an Official Proceeding and Aiding and Abetting; (3) 18 U.S.C. § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers; (4) 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; (5) 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds; (6) 18 U.S.C. § 1752(a)(4), Engaging in Physical Violence in a Restricted Building or Grounds; (7) 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building; (8) 40 U.S.C. § 5104(e)(2)(F), Act of

Physical Violence in the Capitol Grounds or Buildings; and (9) 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.  (ECF No. 25.)

A trial is scheduled to commence on January 18, 2023.

## ARGUMENT

**I.     None of the Counts of the Indictment are Multiplicitous.**

Defendant Gray asserts that "several counts in the indictment are simply rewordings and variations of other counts but which cite different statutes" and the counts of indictment "expose him to double, and even triple jeopardy for the same alleged acts." (ECF No. 52 at 1, 4.)  Defendant Gray is incorrect.

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments.  *See United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition of such sentences does not violate Double Jeopardy.").  "To determine multiplicity vel non, courts generally apply the *Blockburger* test:  '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous. *Id.* at 890. The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998).  Thus, it is irrelevant

whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, Defendant Gray's multiplicity arguments fail because each of the offenses charged in the indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Thus, the Indictment satisfies *Blockburger*.

Defendant Gray is charged with:

**Count 1**:  Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).[1]

The elements of the crime are:

- The defendant knowingly committed or attempted to commit any act to obstruct, impede or interfere with any law enforcement officer;
- The law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and
- The civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Count 2**:  Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and (2).[2]

The elements of the crime are:

- The defendant attempted to or did obstruct or impede an official proceeding;
- The defendant intended to obstruct or impede the official proceeding;

---

[1] 18 U.S.C. § 231(a)(3); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 15-18).
[2] 18 U.S.C. § 1512(c)(2); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 6-8); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 6-9); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 6-9).

-The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
-The defendant acted corruptly.

**Count 3**:  Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1).[3]

The elements of the crime are:

-The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with any officer or employee of the United States or of any agency in any branch of the United States Government, as designated in 18 U.S.C. § 1114, or someone assisting officers of the United States;
-The defendant did so forcibly;
-The defendant did so while the officer or employee was engaged in or on account of the performance of official duties; and
-The act involved physical contact with the victim or the intent to commit another felony.

**Count 4**:  Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1).[4]

The elements of the crime are:

-The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
-The defendant did so knowingly.

**Count 5**:  Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).[5]

The elements of the crime are:

-The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

---

[3] 18 U.S.C. § 111(a)(1); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 11-15).
[4] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 9-10); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 9).
[5] 18 U.S.C. § 1752(a)(2); United States v. Herrera, No. 21-cr-619 (BAH) (ECF 65 at 8-9); United States v. Bledsoe, No. 21-cr-204 (BAH) (ECF 215 at 10); United States v. Williams, No. 21-cr-377 (BAH) (ECF 112 at 9-10).

    -The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
    -The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Count 6**: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4).[6]

The elements of the crime are:

    -The defendant knowingly engaged in any act of physical violence against any person or property in any restricted building or grounds.

**Count 7**: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).[7]

The elements of the crime are:

    -The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;
    - The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and
    -The defendant acted willfully and knowingly.

**Count 8**: Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).[8]

The elements of the crime are:

    -The defendant engaged in an act of physical violence in the Grounds or any of the Capitol Buildings; and
    -The defendant did so willfully and knowingly.

**Count 9**: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).[9]

---

[6] 18 U.S.C. § 1752(a)(4); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 23-24).
[7] 40 U.S.C. § 5104(e)(2)(D); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 9); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10-11); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10-11).
[8] 40 U.S.C. § 5104(e)(2)(F); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 24-25).
[9] 40 U.S.C. § 5104(e)(2)(G); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8-9).

The elements of the crime are:

-The defendant paraded, demonstrated, or picketed in any of the U.S. Capitol Buildings; and
-The defendant acted willfully and knowingly.

Based on the foregoing elements, none of the counts in the Indictment are multiplicitous, because each requires proof of a fact that the other does not.

Defendant Gray argues that the government is improperly prosecuting him for multiple statutory violations based on the same alleged act. Gray misunderstands that the *Blockburger* multiplicity analysis refers to the elements of the offenses, not whether a single act could violate multiple statutes. The very premise of *Blockburger* and its progeny is that the "same act or transaction"—here, Gray's presence and violence at the Capitol and on its Grounds—could form the basis for multiple criminal charges so long as each Count requires proof of a fact that the others do not. *Mahdi*, 598 F.3d at 888. The various charges with which Defendant Gray has been charged, relating to his presence at the Capitol on January 6, 2021 are routine; many defendants involved in the attack on the Capitol have been convicted of some or similar charges. *See, e.g.*, *United States v. Thomas Robertson*, 21-cr-34-CRC; *United States v. Rubenacker*, 21-cr-00193-BAH; *United States v. Guy Reffit*, 21-cr-32-DLF; *United States v. Thomas Webster*, 21-cr-208-APM; *United States v. Nicholas Rodean*, 21-cr-57-TNM; and *United States v. Matthew Bledsoe*, 21-cr-204-BAH.

Whatever the functional similarity Defendant Gray sees in the statutes, charging both neither violates Double Jeopardy nor results in a multiplicitous Indictment. Therefore, none of the counts in the Indictment are multiplicitous, and Gray's motion to dismiss on this ground should be denied.

**II.     No Counts of the Indictment are Lesser-Included Offenses of any Other Counts**

Alternatively, Defendant Gray contends that Count 8 is a lesser-included offense of Counts 3 and 6 and Count 5 is a lesser-included offense of Count 7 and counts should be combined. (ECF No. 52 at 4.)

But "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). When, as described above, each count requires proof of a fact that the other count does not require, neither count can be a lesser-included offense of the other. Defendant Gray fails the *Schmuck* test, and this Court should deny his motion to dismiss on these grounds.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant Gray's Motion to Dismiss or Combine Counts be denied.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ Jacqueline Schesnol*
    JACQUELINE SCHESNOL
    Assistant United States Attorney
    Arizona Bar No. 016742
    United States Attorney's Office, Detailee
    601 D Street, N.W.
    Washington, DC 20530
    Phone: (602) 514-7500
    E-mail: jacqueline.schesnol@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 30th day of October 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant United States Attorney